BROWN, P. J.
David F. Kimberly died in the city of Brooklyn, in June, 1895, never having been married. By his will he bequeathed all his estate, real and personal, to his three sisters, Mary, Annie and Louisa. Mary died before the testator, and it is the appellant’s claim that the bequest in the will is joint, and that the surviving sisters take the whole estate. The surrogate held that the bequest was to the three sisters as tenants in common ; that the bequest to Mary lapsed, and as to one-third of his estate the testator died intestate. Under this ruling, one-ninth of the estate was transferred to nephews and nieces, and was subject to a tax of 5 per cent. There is no dispute as to the proposition that, where there is a devise or a bequest to a plurality of persons as joint tenants, no lapse can occur unless all the beneficiaries die in the intestate’s lifetime, and that, in the event of any of the beneficiaries dying, the survivor takes the whole bequest. The only question before us, therefore, is as to the construction of the will.
We need not inquire whát the character of th.is gift would have been at common law, as we are of the opinion that it is controlled by the statute of this state which declares that “ every estate granted or devised to two or more persons in their own right shall be a tenancy in common unless expressly declared to be a joint tenancy.” 1 Rev. St. p. 727, § 44. The general rule of the common law was that an estate devised to two or more persons created a joint tenancy (Lorillard v. Coster, 5 Paige, 228); but this rule was at an early date changed in this state (chapter 12, Laws 1786), and the provision then enacted was subsequently embobied in the Revised Statutes. The effect of this statute is that every devise creates a tenancy in common unless the testator, by some form of expression, clearly indicates his intention to create a joint tenancy. Coster v. Lorillard, 14 Wend. 342; Moore v. Lyons, 25 id. 119; Everitt v. Everitt, 29 N. Y. 40.
There is no such indication in the will before us, and the bequest to the testator’s sisters was as tenants in common, and the order must be affirmed, with $10 costs and disbursements.
All concur.